# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LINDA M. MARTIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 10-0397-CV-W-GAF ) |
| CONOPCO, INC., et al., | ) ) ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO REMAND

Now before the Court is Plaintiff Linda M. Martin's ("Plaintiff") Motion to Remand filed pursuant to 28 U.S.C. § 1447(c). (Doc. # 7). Plaintiff argues this case does not arise under federal law, and therefore, removal was improper. *Id.* Defendants Teamsters Union Local 838 (the "Union") and Donald Cloe oppose the Motion. (Doc. # 9). For the following reasons, Plaintiff's Motion is **DENIED.**

## DISCUSSION

On March 16, 2010, Plaintiff filed her Petition for Damages (the "Petition") in the Circuit Court of Jackson County, Missouri, at Kansas City, Case No. 1016-CV08546. (Doc. # 1-1). Plaintiff alleges the Union, Mr. Cloe, and others engaged in unlawful discriminatory practices based on her race and sex in violation of the Missouri Human Rights Act (the "MHRA"), Mo. Rev. Stat. § 213.010, *et seq.* *Id.*

Plaintiff asserts she was a union steward in the Dressing and Marinades ("D&M") department at Unilever in Independence, Missouri, when Mr. Cloe and Defendant Brett Clark, chief steward and assistant chief steward, respectively, harassed her and conspired to have her removed

1

from the labor management board because of her race and sex. *Id.* Over an approximately six (6) month period, Plaintiff allegedly made repeated complaints to her Unilever supervisors and managers, union officials, and Mr. Cloe and Mr. Clark individually about the harassment, but no responsive action was taken. *Id.* According to Plaintiff's Petition, the harassment culminated after Mr. Cloe successfully defeated Plaintiff's bid for D&M's Negotiator for the upcoming contract negotiations during the third election held for that position within a one-month time period. *Id.*

On April 23, 2010, the Union and Mr. Cloe removed the action, contending Plaintiff's claims are preempted by federal law, namely Section 9(a) of the National Labor Relations Act (the "NLRA"), 29 U.S.C. § 159, and Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185, and thus, jurisdiction in this Court is proper. (Doc. # 1).

Federal courts are courts of limited jurisdiction; generally, a federal question of law or diversity of the parties must be present for federal courts to assert jurisdiction over an action. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic*, 551 F.3d 812, 816 (8th Cir. 2009). It is presumed that a cause of action lies outside the limited jurisdiction of this Court and the burden of establishing the contrary rests upon the party seeking jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The presence of federal question jurisdiction is governed by the well-pleaded complaint rule. *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1144 (8th Cir. 1992). Under this doctrine, federal jurisdiction exists only when a question of federal law is presented on the face of the plaintiff's properly pleaded complaint. *Id.* "In other words, 'a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case,' does not cause the plaintiff's

claim to arise under federal law. *Id.* (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983)). Nonetheless, in circumstances where federal law is so dominant in a particular area and the force of a federal statute is so extraordinary, the doctrine of complete preemption converts a complaint alleging only state law claims into one stating federal claims for purposes of the well-pleaded complaint rule. *Id.* "In such a situation, the federal law so occupies the field that any complaint alleging facts that come within the statute's scope necessarily 'arises under' federal law, even if the plaintiff pleads a state-law claim only." *Id.* "It is not just that a pre-emption defense is present: the claim is completely federal from the beginning." *Id.*

On the face of Plaintiff's Petition, no claim under federal law is pled; Plaintiff only asserts state law claims. However, the Union and Mr. Cloe argues Congress has intended to completely preempt state authority in the field of labor management relations, and thus, Plaintiff's claims against them are necessarily converted into claims under the NLRA and the LMRA.

Section 301(a) of the LMRA provides that "[s]uits for violations of contracts between an employer and a labor organization . . . or between any such labor organizations, may be brought in the district court of the United States . . . ." 29 U.S.C. § 185(a). The Supreme Court has held that this section preempts state law claims that are "founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 894 (1987) (quoting *Int'l Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 859 n.3 (1987)).

Contrary to her contentions otherwise, Plaintiff's allegations depend upon the analysis of the collective bargaining agreement and interpretation of the Union's Constitution and By-laws. Plaintiff implicitly pleads the Union did not take appropriate steps to discipline Mr. Cloe and Mr.

3

Clark and stop the alleged harassment. This necessarily requires the Court to refer to and interpret the collective bargaining agreement to determine what actions, if any, the Union could take against its own members on Plaintiff's behalf. *See Davis v. Johnson Controls, Inc.*, 21 F.3d 866, 868 (8th Cir. 1994).

Plaintiff's claims against the Union are also preempted by Section 9(a) of the NLRA. Pursuant to this section and the cases interpreting it, the Union owes a duty of fair representation to all its members, including Plaintiff. 29 U.S.C. § 159(a); *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (citations omitted). Plaintiff's allegations against the Union and Mr. Cloe appear to primarily arise from the alleged discriminatory actions taken against her, a union member, by Mr. Cloe and Mr. Clark, also union members, rather than discriminatory conduct the Union and Mr. Cloe took in their capacity as her exclusive bargaining agents. Thus, the issue of fair representation is not implicated through those allegations.

Nevertheless, Plaintiff is additionally asserting claims against her employer and refers to Mr. Cloe and Mr. Clark as "Unilever employees" throughout her Petition. This, coupled with the naming of the Union as defendant, could be reasonably interpreted as alleging the Union did not fairly represent her in her complaints to Unilever about the harassment she was suffering at the hands of its employees.

Finding both Section 301 of the LMRA and Section 9(a) of the NLRA preempt Plaintiff's claims under the circumstances of this case, Plaintiff's claims against the Union must be converted into ones under federal law. Therefore, jurisdiction in this Court is proper. Plaintiff's Motion is **DENIED.**

**IT IS SO ORDERED.**

                                                                                             s/ Gary A. Fenner
                                                                                             Gary A. Fenner, Judge
                                                                                             United States District Court

DATED:   June 17, 2010